UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSHUA LAINE, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>CITY OF LIVERMORE, et al.,<br><br>                Defendants. | Case No.  26-cv-01824-RFL<br><br><br>**ORDER DISMISSING CERTAIN PLAINTIFFS, GRANTING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*, AND SCREENING COMPLAINT**<br><br>Re: Dkt. Nos. 8, 9 |

Several individual plaintiffs and one entity plaintiff, the Lambert Family Private Trust, proceed *pro se* to bring this action against the City of Livermore and Tim Ford, a police officer for the City, alleging violations of federal and state law.  In a prior order, the Court denied the Trust's application to proceed *in forma pauperis* ("IFP") and ordered Plaintiffs to show cause why this action should not be dismissed in light of various identified deficiencies.  (*See* Dkt. No. 8 (the "Prior Order").)  Plaintiffs timely filed a response.  (*See* Dkt. No. 9.)  Having considered Plaintiffs' response, and for the reasons set forth below, the Court **DISMISSES** three of the plaintiffs from this action, **GRANTS** the IFP applications of the remaining three, and screens the Complaint.

***Dismissal of Plaintiffs.***  In the Prior Order, the Court explained that:  (1) the Trust could not proceed *pro se* or under IFP status, so if it wanted to remain in this action, counsel would need to enter an appearance, and the filing fee would need to be paid; and (2) each individual plaintiff must file their own IFP application if the filing fee is not paid.  In responding to the Prior Order, Plaintiffs submitted IFP applications for Dezirae Lambert, Kerrin Lambert, and Joshua Laine.  Plaintiffs did not submit IFP applications for Spencer Bell or Isle Mattes-Lambert.

1

The Trust also continues to proceed *pro se*, as no attorney has entered an appearance on behalf of the Trust.  The filing fee has also not been paid.  Accordingly, Bell, Mattes-Lambert, and the Trust are **DISMISSED** from this action **WITHOUT PREJUDICE**.

*IFP Applications.*  The IFP applications of Dezirae Lambert and Kerrin Lambert are **GRANTED**.  As for Laine, the Complaint does not list him among the plaintiffs bringing this action, and he instead appears to be proceeding as a representative of the Trust.  Even so, in Plaintiffs' OSC response, he is identified as a plaintiff.  Accordingly, in light of the "well-established obligation to construe pro se filings liberally" (*United States v. Qazi*, 975 F.3d 989, 991 (9th Cir. 2020)), the Court will construe Laine as among the plaintiffs, and his IFP application is **GRANTED**.

*Screening the Complaint.*  District courts must screen civil actions filed IFP to ensure that a complaint states a claim upon which relief can be granted, is not frivolous or malicious, and does not seek monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section 1915] is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  To survive scrutiny under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Further, under Section 1915, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief."  *See Watison*, 668 F.3d at 1112 (citation omitted).  In performing this analysis, courts must liberally construe the pleadings of *pro se* litigants.  *See id.*

Beginning with the search and seizure claim, "[t]he Fourth Amendment protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

2

searches and seizures." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) (citation and quotation marks omitted).  The only allegation about Ford's conduct is that he "conducted surveillance outside Plaintiff's private residence . . . without notice or contract."  (*See* Complaint ¶ 17.)  Without more detailed allegations about this surveillance, Plaintiffs do not sufficiently allege that Ford engaged in an unreasonable search.  Their allegations could also be liberally construed as asserting a false arrest claim under the Fourth Amendment, in addition to the standalone claim for false arrest.  (*See id.* ¶ 29 ("Defendants . . . report[ed] false charges, and seize[d] human beings . . . .").)  As before, however, Plaintiffs do not offer allegations about Ford's conduct sufficient to state a false arrest claim against him.  Turning to the City, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."[1]  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).  Plaintiffs offer only the conclusory allegation "that the City of Livermore maintained policies, practices, or customs that permitted or failed to prevent the alleged constitutional violations."  (Complaint ¶ 24.)  That is insufficient to impose liability on the City for the Fourth Amendment or false arrest claims.  For the same reason, the standalone claim for municipal liability is also insufficiently pled.

Turning to the "fabrication of evidence/judicial deception/fraud" claim, Plaintiffs allege violations of the Fourth Amendment and 18 U.S.C. Sections 152(8), 1001, 1341, and 1519.  The Fourth Amendment violation is insufficiently alleged for the reasons discussed above.  And Plaintiffs cannot bring claims under the various statutes enumerated because those are criminal statutes that do not contain private rights of action.  *See, e.g.*, *Kettenburg v. Google, Inc.*, No. 24-cv-06237-SVK, 2024 WL 4219994, at *2 (N.D. Cal. Sept. 16, 2024).

---

[1] Although Plaintiffs do not expressly bring their Fourth Amendment claim under Section 1983, "[t]he exclusive remedy for vindicating alleged violations of constitutional rights by state actors is" Section 1983.  *Castillo v. City of San Jose*, No. 24-cv-00701-SVK, 2024 WL 3641376, at *3 n.3 (N.D. Cal. Aug. 2, 2024) (citation omitted).  The Court, therefore, construes Plaintiffs' Fourth Amendment claim as arising under Section 1983.  (*See also* Complaint ¶ 2.)

Dismissal of the Fourth Amendment, false arrest, municipal liability, and fabrication of evidence/judicial deception/fraud claims, the only federal law claims asserted, divests the Court of federal question jurisdiction.  "In the absence of federal question jurisdiction, the Court may not exercise subject matter jurisdiction over Plaintiff[s'] remaining state law claims because Plaintiff[s] and the City are [all] citizens of California."  *Jones v. City of Oakland*, No. 26-cv-00336-RFL, 2026 WL 806545, at *1 (N.D. Cal. Mar. 24, 2026) (citation omitted).

Plaintiffs rely on 28 U.S.C. Sections 1343, 2201, and 2202 as additional sources of the Court's subject matter jurisdiction.  (*See* Complaint ¶ 3.)  Section 1343 provides for jurisdiction over claims:  (1) brought under 42 U.S.C. Section 1985; (2) "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;" and (3) "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."  *See* 28 U.S.C. § 1343(a).  Plaintiffs state law claims do not fall into any of these categories.  As for Sections 2201 and 2202, those statutes "do[] not by [themselves] confer federal subject-matter jurisdiction."  *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

*Conclusion*.  In sum, the Court **ORDERS** as follows:

- Spencer Bell, Isle Mattes-Lambert, and the Trust are **DISMISSED** from this action **WITHOUT PREJUDICE**.

- The IFP applications of Dezirae Lambert, Kerrin Lambert, and Joshua Laine are **GRANTED**.

- All of Plaintiffs' claims are **DISMISSED WITH LEAVE TO AMEND**.  If Plaintiffs wish to file an amended complaint correcting the deficiencies identified in this Order, they shall do so by **May 13, 2026**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court.  If Plaintiffs do not file an amended complaint by the deadline,

their federal claims will be dismissed with prejudice, their state law claims will be

dismissed without prejudice for lack of subject matter jurisdiction, and this case will be

closed.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
RITA F. LIN
United States District Judge